UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMEC CONSTRUCTION
MANAGEMENT, INC.

CIVIL ACTION

VERSUS

NO. 13-718-JJB-SCR

FIREMAN'S FUND INSURANCE
COMPANY

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion (doc. 23) to Dismiss brought by Defendant, Fireman's Fund Insurance Company ("FFIC"). Plaintiff, AMEC Construction Management, Inc. ("ACMI") has filed an opposition (doc. 28), to which FFIC has filed a reply (doc. 31). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, FFIC's motion is DENIED.

**I.  Background**

The following facts taken from ACMI's Complaint are accepted as true for purposes of this motion. *See Bass v. Stryker Corp.*, 669 F.3d 501, 507 (5th Cir. 2012). ACMI is a corporation engaged in providing general contracting, constructing, and construction management services. Doc. 1, at ¶ I. After a long line of corporate transactions, ACMI became successor-in-interest to Barnard and Burk, Inc. ("B&B"). *Id.* at ¶¶ IX-XXI. B&B purchased comprehensive general liability insurance policies from FFIC for which it paid annual premiums. *Id.* at ¶¶ VI-VII. In August 2003, B&B and ACMI as successor-in-interest to B&B, along with others, were named as defendants in almost 50 asbestos-exposure lawsuits in Louisiana consisting of over 300 plaintiffs ("Original Lawsuits"). *Id.* at ¶ XII. Thereafter, between 2003 and 2007, additional lawsuits were filed against B&B and ACMI as successor-in-interest to B&B ("Additional Lawsuits"). *Id.* at ¶ XXIII. All the lawsuits allege liability on the part of B&B and

ACMI as successor-in-interest to B&B. *Id.* at ¶ XXI. ACMI has paid for all of the litigation costs associated with the Original and Additional Lawsuits out of its own funds. *Id.* at ¶ XXVI.

Upon receiving notice of the filed Original and Additional Lawsuits, ACMI tendered defense to FFIC under numerous policies. *Id.* at ¶ XXVIII. Additionally, ACMI forwarded to FFIC a complete copy of all file materials for the Original and Additional Lawsuits. *Id.* at ¶ XXIX. FFIC responded to notice of the Original Lawsuits by sending ACMI a Reservation of Rights Letter ("ROR Letter") in which FFIC stated, "FFIC is agreeable to defending each of those cases in which Barnard & Burk is named as a defendant, until such time that discovery reveals an applicable policy exclusion or limitation." *Id.* at ¶ XXXI. No ROR Letter was sent in response to the Additional Lawsuits. *Id.* at ¶ XXX. Despite sending the ROR Letter in response to the Original Lawsuits, FFIC has not paid any attorney's fees or cost of litigation. *Id.* at ¶ XXXIV. Therefore, ACMI has not received any reimbursement for the litigation costs incurred during the Original and Additional Lawsuits.

Based upon the foregoing, ACMI has filed this lawsuit seeking: (1) a declaration that FFIC has a duty to defend and duty to indemnify; (2) damages for breach of an insurance contract; (3) damages for a breach of the duty of good faith; and (4) damages for unjust enrichment.

## II. Discussion

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in

2

the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id*. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B. Sufficiency of the Complaint

ACMI makes the following four claims in its complaint: (1) FFIC is obligated to defend ACMI in the Original and Additional Lawsuits and indemnify ACMI for costs incurred during the litigation of those lawsuits; (2) FFIC breached several insurance contracts when it refused to defend ACMI as B&B's successor-in-interest or reimburse ACMI for costs incurred during this defense; (3) FFIC breached its duty of good faith and fair dealing when it failed to fairly or promptly adjust claims; and (4) FFIC was unfairly enriched by receiving premiums paid for the insurance policies and refusing to pay for ACMI's litigation costs.

FFIC argues that by alleging that it was not successor-in-interest to B&B's liabilities, ACMI has pleaded itself out of a viable claim. FFIC further argues that AMIC's Complaint is insufficiently pled because it fails to identify specific policy provisions that have been breached; fails to establish that FFIC undertook an obligation to defend ACMI; and relies upon conclusory obligations.

First, the Court finds that ACMI has not pleaded itself out of a viable claim by asserting that it did not assume any of B&B's liabilities. FFIC avers that ACMI cannot be the insured because it did not assume any of B&B's liabilities. FFIC does not cite, nor can the Court find

3

any case law that supports this proposition. While FFIC does present case law in its reply, it does not support FFIC's position and is in fact inapposite to the facts of this case. Indeed, the law cited by FFIC discusses corporate successor liability when a party is seeking to impose liability on a corporation seeking to avoid liability. *See Pichon v. Asbestos Defendants*, 52 So.3d 240, 243 (La. App. 4th Cir. 2010); 15 FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS §§ 7122-7723. Those are not the facts of this case.

Moreover, even if assumption of liability was a prerequisite for stating a claim, ACMI has alleged enough factual matter to come under the exception to successor liability. Louisiana law follows the basic principle of successor liability announced in *Golden State Bottling Co. v. NLRB*, 414 U.S. 168 (1973). *See Pichon*, 52 So.3d at 243. Specifically,

> [T]he general rule of corporate liability is that, when a corporation sells all of its assets to another, the latter is not responsible for the seller's debts or liabilities, except where (1) the purchaser expressly or impliedly agrees to assume the obligations; (2) the purchaser is merely a continuation of the selling corporation; or (3) the transaction is entered into to escape liability.

*Id.* As to the second exception to the general rule, the threshold requirement to a determination of whether the continuation exception applies is that one corporation must have purchased all of the assets of another. *Id.* at 244. Viewing the facts relaying the relevant corporate history in the light most favorable to ACMI, it is plausible that successor liability exists under the continuation exception and thus ACMI may establish that FFIC has a duty to defend and indemnify. Finally, a review of ACMI's Complaint reveals that it has adduced enough factual matter to state a plausible claim for declaratory relief.

Turning to FFIC's remaining arguments which touch and concern ACMI's claims for breach of contract, breach of good faith and fair dealing, and unjust enrichment, the Court finds that a failure to point to specific contracts or contractual provisions is fatal to ACMI's claims.

Under Louisiana law, a plaintiff must satisfy the following elements to state a claim for breach of contract: "(1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee." *Walker v. Pelican Pub. Co., Inc.*, Civil Action No. 10-4389, 2011 WL 2976271, *6 (W.D. La. July 22, 2011). Moreover, a plaintiff must allege a breach of a specific policy provision. *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002). Here, ACMI has failed to allege specific provisions in the insurance contract that FFIC breached. Therefore, ACMI's claims predicated on a breach of contract theory should be dismissed. Nevertheless, the Court will grant ACMI leave to amend its complaint in accordance this ruling and applicable law. ACMI has identified at least one specific policy and policy provision that FFIC has allegedly breached. Contrary to FFIC's assertion, amendment will not be futile for reasons previously stated by the Court. Accordingly, ACMI is granted leave to amend.

### III. Conclusion

For the reasons stated herein, FFIC's Motion (doc. 23) to Dismiss is DENIED. FFIC's Motion (doc. 23-2) for Oral Argument is DISMISSED AS MOOT. ACMI is GRANTED leave to amend its complaint.

Signed in Baton Rouge, Louisiana, on May 9, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**