UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMEC CONSTRUCTION MANAGEMENT
INC.
Plaintiff

VERSUS

FIREMAN'S FUND INSURANCE
COMPANY
Defendant

CIVIL ACTION

NO. 13-00718-JJB

## RULING ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Fireman's Fund Insurance Company's

Motion (Doc. 37) to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff

Amec Construction Management, Inc. filed a memorandum (Doc. 41) in opposition to the

Motion to Dismiss. Oral argument is not necessary. The Court's jurisdiction exists pursuant to

28 U.S.C. § 1332. For the following reasons, Defendant's Motion to Dismiss is **DENIED.**

## I. FACTUAL BACKGROUND

The facts pleaded by Plaintiff, Amec Construction Management Inc. (ACMI), will be

accepted as true for purposes of this motion. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir.

2012). ACMI brought claims for declaratory judgment, breach of contract, bad faith, and unjust

enrichment against Defendant Fireman's Fund Insurance Company (FFIC) in its original

complaint (Doc. 1, p. 1). ACMI alleges that it is entitled to coverage from FFIC as an insured

and as a successor-in-interest of B&B. (Doc. 1, p. 3, ¶ VIII). ACMI became a successor-in-

interest of B&B through a complicated series of business transactions (Doc. 1, p. 3-4). ACMI

alleges that B&B was insured by FFIC under various insurance policies, and that B&B had these

policies with FFIC "at all times material hereto" (Doc. 1, p. 3, ¶ XII). B&B and ACMI were

named as defendants in a large number of asbestos-exposure lawsuits in Louisiana in 2003, with

additional lawsuits filed thereafter between 2003 and 2007 (Doc.1, p. 5, ¶ XXIII). ACMI tendered defense to FFIC under the aforementioned policies, and sent a complete copy of the file materials for the lawsuits (Doc. 1, p. 6). FFIC sent a Reservation of Rights letter to ACMI, but has not to this date tendered any payment to ACMI (Doc. 1, p. 6-7). ACMI claims that it is entitled to reimbursement for the costs and attorney's fees that ACMI incurred while defending itself and B&B in the asbestos litigation (Doc. 1, p. 7, ¶ XXXII).

FFIC filed a 12(b)(6) Motion to Dismiss for failure to state a claim in February of 2014.This Court dismissed FFIC's motion, and gave ACMI leave to amend its complaint because this Court ruled that ACMI failed to point to specific contracts and contractual provisions under which FFIC was liable (Doc. 32, p. 4-5). ACMI filed an amended complaint (Doc. 34) that contained specific contractual provisions wherein FFIC agreed to defend and indemnify B&B. FFIC filed a second Motion to Dismiss after the amended complaint was filed, which is now before this Court.

## II. DISCUSSION

### A. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if there is a "failure to state a claim on which relief can be granted." The facts of the case must be viewed in light most favorable to the non-moving party. *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). In order to withstand a motion to dismiss, the Plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 547 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A

court does not need to, at this preliminary stage, determine whether the plaintiff's claims will ultimately succeed on the merits. *Twombly*, 550 U.S. at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

## B. Sufficiency of Plaintiff's Complaint

ACMI's original and amended complaints contain the following claims against the FFIC: (1) FFIC has a duty to defend ACMI in the asbestos lawsuits as B&B's successor-in-interest and to indemnity ACMI for costs and fees incurred in defending those lawsuits; (2) FFIC breached insurance contracts when it failed to defend ACMI as B&B's successor-in-interest or reimburse ACMI for the costs incurred in defending the lawsuits; (3) FFIC breached its duty of good faith and fair dealing when it failed to promptly adjust claims; and (4) FFIC was unfairly enriched by receiving premiums paid for the insurance policies.

### 1. Duty to Defend

FFIC argued in its Motion to Dismiss that because ACMI admitted in its complaint that it was not a successor to B&B's liabilities, ACMI was not insured under FFIC's policies with B&B and thus FFIC had no duty to defend ACMI (Doc. 37, p. 5-6). This Court dismissed this same argument in its denial of FFIC's original Motion to Dismiss, and therefore it need not be addressed in this ruling (Doc. 32, p. 5).

### 2. Breach of Contract

FFIC argues in its Motion to Dismiss that ACMI's complaint does not state a claim because it fails to show that there is a contractual relationship between the parties, and thus there is no showing of a breach of such contract. (Doc. 37, p. 7). Under Louisiana law, a plaintiff must satisfy the following elements to prove a breach of contract claim: (1) The obligor undertook an

obligation to perform; (2) The obligor failed to perform the obligation; and (3) The failure to perform resulted in damages for the obligee. *Walker v. Pelican Pub Co., Inc.*, Civil Action No. 10-4389, 2011 WL 2976271, *6 (W.D. La. July 22, 2011). A plaintiff must also identify a breach of a specific policy provision. *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002).

When this Court dismissed the Defendant's first motion to dismiss in February of 2014, ACMI was granted leave to amend its original pleading because this Court ruled that ACMI had failed to point to specific contract provisions that it claimed FFIC had breached (Doc. 32, p. 4-5). In their amended complaint, ACMI identified specific policy provisions. (Doc. 34, p. 2-3, ¶ XLI). The identification of specific contractual provisions makes ACMI's claim that FFIC breached its contractual obligation plausible on its face, such that this Court may make a reasonable inference that FFIC is liable. ACMI has sufficiently pleaded facts as to its breach of contract claim in its amended complaint, and thus FFIC's Motion to Dismiss as to this claim is **DENIED.**

### 3. Bad Faith and Fair Dealing

ACMI alleges in its complaint that FFIC violated its duty of good faith under La. R.S. 22:1973 and 1892. FFIC urges in its motion that this claim be dismissed. Section 1973 allows a plaintiff to recover from an insurer who fails to "adjust claims fairly and promptly and to make reasonable effort to settle claims with the insured or the claimant, or both". Section 1892 states that all insurers shall pay an insured's claims within 30 days of receipt of proofs of loss. ACMI's complaint contains factual allegations that FFIC has thus far refused to tender any payment that it owes to ACMI for defending B&B in the asbestos litigation. (Doc. 1, p. 10, ¶ LI). This Court can reasonably infer that FFIC failed to make efforts to settle claims with ACMI and to pay

ACMI within 30 days of receipt of proof of loss. ACMI has sufficiently pleaded facts to support its bad faith and fair dealing claim. FFIC's Motion to Dismiss as to this claim is **DENIED.**

### 4. Unjust Enrichment

FFIC argues in its Motion to Dismiss that ACMI has not sufficiently addressed this claim in its amended complaint and that such claim should therefore be dismissed (Doc. 37, p. 8). The following elements must be satisfied in order to succeed in an unjust enrichment claim under Louisiana law: (1) An enrichment; (2) An impoverishment; (3) A connection between the enrichment and the impoverishment; (4) An absence of justification or cause for the enrichment and the impoverishment; and (5) No other remedy at law available to the impoverished party. La. Civ. Code Art. 2298. Unjust enrichment is an available remedy only when a gap in the law exists that prevents a plaintiff from pursuing a remedy for their alleged injury. *Boudreaux v. Jefferson Island Storage & Hub, LLC*, 255 F.3d 271, 275-286 (5th Cir. 2001). Since ACMI has alleged various other claims in its complaint, it would appear that ACMI may be barred from pleading unjust enrichment. However, the liberality of Federal Rule of Civil Procedure 8 allows for pleading in the alternative even if the pleadings are inconsistent. *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 175 (M.D. La. 2011). Therefore, ACMI is allowed to plead unjust enrichment in the alternative. Further, ACMI has sufficiently pleaded facts that allow the court to reasonably infer a plausible claim for unjust enrichment. Specifically, ACMI has pleaded that it has been impoverished by having to defend itself and B&B in the asbestos litigation, and that FFIC has been enriched by the payment of insurance premiums (Doc. 1, p. 10-11). FFIC's Motion to Dismiss ACMI's unjust enrichment claim is **DENIED.**

## III. CONCLUSION

Defendant's Motion (Doc. 37) to Dismiss as to all of ACMI's claims is hereby **DENIED**.
The Court observes that Defendant seeks (Doc. 43) leave to file a supplemental memorandum in
support of its motion. Defendant seeks to assert matters outside of the pleadings, and therefore
the motion for leave is hereby **DENIED**.

Signed in Baton Rouge, Louisiana on October 28th, 2014.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA