UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMEC CONSTRUCTION MANAGEMENT, INC.   CIVIL ACTION

VERSUS

NO. 13-718-JJB

FIREMAN'S FUND INSURANCE COMPANY

**RULING ON MOTION TO DISMISS**

This case is before the Court on a Motion to Dismiss (Doc. 48) brought by AMEC Construction Management, Inc. (AMEC). Fireman's Fund Insurance Company's (FFIC) filed an opposition (Doc. 50) to which AMEC replied (Doc. 53). Oral argument is unnecessary.

**BACKGROUND**

The main demand arises out of an insurance contract between FFIC and Barnard & Burk, Inc. (B&B). AMEC claims that it is the successor in interest to B&B and, consequently, that FFIC must treat it as the insured. FFIC disagrees and, in its answer, raises 57 "affirmative defenses" and three counterclaims against AMEC. The counterclaims are based on AMEC allegedly breaching its duties to cooperate and act in good faith, as well as its making intentional and negligent misrepresentations during the claims process. All of the counterclaims center around a common set of factual allegations: that AMEC failed to provide proof that it was the successor in interest to the named insured; that AMEC did not make an effort to regularly communicate with FFIC or respond to FFIC's requests for information; and that AMEC knew or should have known that it was not covered under the policy as a successor in interest to B&B. FFIC seeks both damages and declaratory relief.

1

**STANDARD OF REVIEW**

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)). Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief. *Ashcroft*, 556 U.S. at 678. Significantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

**ANALYSIS**

**I.      Duty of Cooperation**

AMEC moves to dismiss the first counterclaim based upon the alleged breach of the insured's duty of cooperation by "failing and refusing to cooperate in the investigation" of the claims at issue. FFIC alleges that AMEC infrequently, if at all, responded to requests for information and supporting documentation. Because FFIC has also raised breach of the duty to cooperate as an affirmative defense in paragraph 67 of its answer, this "counterclaim" for declaratory relief is at best a technical argument. Consequently, the motion to dismiss the counterclaim will be granted as it is subsumed by or duplicative of the affirmative defense.

**II.     Good Faith and Fair Dealing and Intentional/Negligent Misrepresentation**

AMEC moves to dismiss the second counterclaim, breach of the duty of good faith and fair dealing, on the grounds that FFIC has not plead sufficient facts to show that AMEC had the

requisite ill will or intent. This counterclaim is based upon AMEC's failing to timely provide requested information for FFIC to evaluate the claim made under the policy at issue. FFIC seeks damages based upon it allegedly incurring "unnecessary costs, expenses, and fees in an effort to resolve the claims asserted." AMEC also moves to dismiss FFIC's counterclaim for negligent and intentional misrepresentation for lack of legal or factual support. AMEC claims these allegations reflect misrepresentations by FFIC rather than AMEC. FFIC responds that AMEC misrepresented its status as the successor in interest to B&B and FFIC seeks damages because it relied on their misrepresentation, causing FFIC to "incur unnecessary costs, expenses, and fees in an effort to resolve the claims asserted." The Court finds that, considering the context of the alleged insured/insurer relationships, that both of the counterclaims for monetary damages are highly unlikely to ultimately succeed. However, the Court finds that there are sufficient to withstand the motion to dismiss.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion to Dismiss (Doc. 48) is GRANTED as to the counterclaim of failure to cooperate and DENIED as to the counterclaims for breach of the duty of good faith and negligent/intentional misrepresentation.

Signed in Baton Rouge, Louisiana, on February 26, 2015.

 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
 **JUDGE JAMES J. BRADY**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**