UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMEC CONSTRUCTION MANAGEMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-00718-JJB-EWD** |
| **FIREMAN'S FUND INSURANCE COMPANY** | |

### RULING AND ORDER

Before the Court is a Joint Motion to Stay Proceedings, filed by plaintiff AMEC Construction Management, Inc. ("AMEC"), and defendant Fireman's Fund Insurance Company ("FFIC"). (R. Doc. 106).[1] The parties jointly seek to stay the proceedings until the Court issues a ruling on FFIC's Motion to Disqualify AMEC's Counsel of Record, Deutsch, Kerrigan & Stiles. (R. Doc. 101). AMEC also seeks an extension of time to respond to FFIC's Motion to Disqualify, which is not opposed by FFIC. (R. Doc. 106 at 1). For the reasons set forth herein, the Joint Motion to Stay is **GRANTED** and the matter is stayed pending the resolution of FFIC's Motion to Disqualify Counsel.

**I.   Procedural History**

On November 5, 2013, AMEC filed a Complaint for breach of contract and declaratory judgment, asserting that it is entitled to defense and indemnity from FFIC in certain asbestos-exposure lawsuits filed against AMEC. (R. Doc. 1 at 3, 5). According to AMEC, FFIC issued policies of Comprehensive General Liability ("CGL") insurance to Barnard & Burk, Inc. ("B&B").

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See, Boyd v. Occidental Fire & Casualty Co. of North Carolina*, No. 10-672, 2011 WL 4062383, at *1 n.1 (M.D. La. 9/13/11).

(R. Doc. 1 at 3). AMEC argues it is entitled to defense and indemnity from FFIC because it is the successor in interest to B&B as a result of a 1981 Asset Purchase Agreement and other corporate transactions. (*Id.*).

On May 6, 2016, FFIC filed a Motion to Disqualify AMEC's Counsel of Record, Deutsch, Kerrigan & Stiles. (R. Doc. 101). FFIC asserts that Deutsch, Kerrigan & Stiles ("DKS") must be disqualified from representing AMEC under Louisiana Rules of Professional Conduct 1.7 and 1.10, since DKS is currently representing FFIC, its insureds, and its affiliates in other matters. (R. Doc. 101 at 1). FFIC also asserts that DKS must be disqualified because several DKS attorneys will be witnesses at trial, testifying regarding the attorney fees incurred in representing AMEC in the underlying asbestos-exposure suits. (*Id.*).

The parties subsequently filed the instant Joint Motion to Stay the Proceedings on May 20, 2016. (R. Doc. 106). In the Joint Motion, the parties seek to stay the proceedings pending a ruling on FFIC's Motion to Disqualify. The parties assert that a stay is warranted because if the Motion to Disqualify is granted, AMEC will need to obtain new counsel. The parties further assert that AMEC will be severely prejudiced if discovery is allowed to continue before the issue of representation is resolved. (R. Doc. 106-1 at 1).

AMEC also requests additional time, or until June 30, 2016, to respond to the Motion to Disqualify. (R. Doc. 106-1 at 2.). The parties assert that an extension is needed because AMEC will need to hire outside counsel to oppose the Motion to Disqualify, and it will take time to retain new counsel and for counsel to prepare an opposition. FFIC does not object to the extension. (*Id.*)

According to the Joint Motion, it is the understanding of the parties that when the Court rules upon the Motion to Disqualify, it will issue a new Scheduling Order with new deadlines for

2

fact discovery, expert discovery, dispositive and *Daubert* motions and the jury trial.  (R. Doc. 106-1 at 2).

## II.   Law and Analysis

### A. Standard for a Stay

It is undisputed that a district court has inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015).  This authority includes the district court's wide discretion to grant a stay in a pending matter.  *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *Francois v. City of Gretna*, No. 13–2640, 2014 WL 1118091, at *1 (E.D. La. Mar. 20, 2014).  Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.  *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

Here, the parties are jointly seeking a stay of the proceedings until the Court rules upon FFIC's Motion to Disqualify AMEC's Counsel.  The parties, therefore, agree that a stay will not unduly prejudice either party and will serve the interests of efficiency and judicial economy.  The Court agrees.  AMEC will need additional time to obtain new counsel to oppose the Motion to Disqualify and AMEC will be prejudiced if it is forced to proceed with discovery while trying to obtain new counsel and address the representation issue.  The Court also finds that AMEC's request for an extension of time to respond to the Motion to Disqualify is warranted, especially since FFIC has no objection to the request.

### III.     Conclusion

Based upon the foregoing, the parties' Joint Motion to Stay Proceedings (R. Doc. 106) is **GRANTED** and the matter is stayed until resolution of the Motion to Disqualify AMEC's Counsel of Record, Deutsch, Kerrigan & Stiles, filed by FFIC (R. Doc. 101). It is **ORDERED** that this matter is stayed pending further order from the Court.

It is further **ORDERED** that AMEC is granted an extension of time, through June 30, 2016, to respond to the Motion to Disqualify (R. Doc. 101).

Signed in Baton Rouge, Louisiana, on May 31, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**