UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMEC CONSTRUCTION
MANAGEMENT, INC.

CIVIL ACTION

VERSUS

NO. 13-718-JJB-EWD

FIREMAN'S FUND
INSURANCE COMPANY

## RULING ON JOINT MOTION TO EXTEND AND MODIFY STAY

Before the Court is a Joint Motion to Extend and Modify Stay[1] filed by Plaintiff, AMEC Construction Management, Inc. ("AMEC") and Defendant, Fireman's Fund Insurance Company ("FFIC"). For the reasons set forth herein, the Joint Motion to Extend and Modify Stay[2] is **GRANTED**.

I.  **Procedural History**

On November 5, 2013, AMEC filed a Complaint for breach of contract and declaratory judgment, asserting that it is entitled to defense and indemnity from FFIC in certain asbestos-exposure lawsuits filed against AMEC.[3] According to AMEC, FFIC issued policies of Comprehensive General Liability ("CGL") insurance to Barnard & Burk, Inc. ("B&B").[4] AMEC argues it is entitled to defense and indemnity from FFIC because it is the successor in interest to B&B as a result of a 1981 Asset Purchase Agreement and other corporate transactions.[5]

---

[1] R. Doc. 108.

[2] R. Doc. 108.

[3] R. Doc. 1, pp. 3 & 5.

[4] R. Doc. 1, p. 3.

[5] R. Doc. 1, p. 3.

1

On May 6, 2016, FFIC filed a Motion to Disqualify AMEC's Counsel of Record, Deutsch, Kerrigan & Stiles.[6] FFIC asserts that Deutsch, Kerrigan & Stiles ("DKS") must be disqualified from representing AMEC under Louisiana Rules of Professional Conduct 1.7 and 1.10, since DKS is currently representing FFIC, its insureds, and its affiliates in other matters.[7] FFIC also asserts that DKS must be disqualified because several DKS attorneys will be witnesses at trial, testifying regarding the attorney fees incurred in representing AMEC in the underlying asbestos-exposure suits.[8]

The parties subsequently filed a Joint Motion to Stay Proceedings (the "Motion to Stay") on May 20, 2016.[9] Therein, the parties sought to stay these proceedings pending a ruling on FFIC's Motion to Disqualify. The parties asserted that a stay was warranted because if the Motion to Disqualify is granted, AMEC will need to obtain new counsel. The parties further asserted that AMEC would be severely prejudiced if discovery was allowed to continue before the issue of representation was resolved. On May 31, 2016, this Court granted the Motion to Stay and granted AMEC's unopposed request for an extension of time through June 30, 2016 to respond to the Motion to Disqualify.[10]

On June 27, 2016, the parties filed the instant Joint Motion to Extend and Modify Stay.[11] Therein, the parties explain that DKS has engaged separate counsel, Schonekas, Evans, McGoey

---

[6] R. Doc. 101.

[7] R. Doc. 101, p. 1.

[8] R. Doc. 101, p. 1.

[9] R. Doc. 106.

[10] R. Doc. 107. In granting the Motion to Stay, the Court explained that "the parties are jointly seeking a stay of the proceedings until the Court rules upon FFIC's Motion to Disqualify AMEC's Counsel. The parties, therefore, agree that a stay will not unduly prejudice either party and will serve the interests of efficiency and judicial economy. The Court agrees. AMEC will need additional time to obtain new counsel to oppose the Motion to Disqualify and AMEC will be prejudiced if it is forced to proceed with discovery while trying to obtain new counsel and address the representation issue." R. Doc. 107, p. 3.

[11] R. Doc. 108.

& McEachlin, LLC, to represent it in connection with the Motion to Disqualify and that the parties "have conferred and agree that it will be necessary to conduct limited discovery related to the alleged conflict of interest."[12]  "Accordingly, the parties agree that it will be necessary to extend and modify the stay of these proceedings and the extension granted to AMEC, so that discovery regarding the underlying allegations in FFIC's Motion to Disqualify can be completed."[13]  The parties assert that once discovery is completed, they "will move to reset the Motion to Disqualify and AMEC's deadline to respond to same."[14]

## II.     Standard for Stay

It is undisputed that a district court has inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *1 (E.D. La. July 13, 2015).  This authority includes the district court's wide discretion to grant a stay in a pending matter. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *Francois v. City of Gretna*, 2014 WL 1118091, at *1 (E.D. La. Mar. 20, 2014). Accordingly, when "the interests of justice seem[ ] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions. *Billiot*, 2015 WL 4397108 at *2 (citations omitted).

Here, the parties jointly seek to extend and modify the stay.  The parties, therefore, agree that modification and extension of the stay will not unduly prejudice either party and will serve the interests of efficiency and judicial economy.  The Court agrees.  Modification of the stay will allow the parties to conduct discovery regarding the underlying allegations in the Motion to

---

[12] R. Doc. 108-1, p. 2.

[13] R. Doc. 108-1, p. 2.

[14] R. Doc. 108-1, p. 2.

Disqualify – discovery which both parties agree is necessary.  Judicial economy is best served by allowing the parties to complete limited discovery related to the alleged conflict of interest prior to AMEC's submission of a response to the Motion to Disqualify.

### III.  Conclusion

For the reasons set forth herein, the Joint Motion to Extend and Modify Stay[15] is **GRANTED**.  The stay currently in place is **EXTENDED AND MODIFIED** as follows.  This matter is **STAYED** until resolution of FFIC's Motion to Disqualify.  Notwithstanding this stay, the parties are **GRANTED LEAVE** to conduct limited discovery related to the alleged conflict of interest for a period of ninety (90) days from the date of this Ruling.  Upon the expiration of this 90-day limited discovery period, the parties shall file a Joint Motion to reset the Motion to Disqualify and AMEC's deadline to respond to same.

**IT IS FURTHER ORDERED** that the clerk of court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on June 30, 2016.

*(signature)*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 108.